FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF WASHINGTON, *ex rel.*, DR. DEANETTE L. PALMER, PhD, and RICHARD PALMER, husband and wife,<br><br>          Plaintiffs,<br><br>          v.<br><br>MULTICARE HEALTH SYSTEM d/b/a MUTLICARE DEACONESS HOSPITAL and MULTICARE ROCKWOOD CLINIC NEUROSURGERY AND SPINE CENTER,<br><br>          Defendants. | No. 2:22-CV-00068-SAB<br><br><br><br><br><br><br><br>**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** |

Before the Court are Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6), or Alternatively, For Summary Judgment Pursuant to FRCP 56, ECF No. 63, and Motion to Strike Plaintiffs' Statement of Disputed and Additional Facts and to Deem Defendant's Facts Undisputed, ECF No. 86. The motions were heard without oral argument. Plaintiff United States is represented by Daniel Fruchter, Jacob Brooks, Tyler Tornabene and Derek Taylor. The State of Washington is represented by Rachel Sterett. The relators are represented by Beth Bollinger and

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 1

William Gilbert. Defendant MultiCare Health System and Multicare Rockwood Clinic Neurosurgery and Spine Center ("MultiCare") is represented by Anne Dorshimer, John Chenery, Matthew Curley, Scott Gallisdorfer, Thomas Barnard, and Wendy Olson.

In January 2024, the United States and State of Washington filed a Complaint in Intervention, ECF No. 26. Defendant asks the Court to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for failing to meet Fed. R. Civ. P. 9 requirements. In the alternative, Defendant moves for summary judgment on all claims.

## Motion Standard

A.  **Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 2

inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

### B. Fed. R. Civ. P. 9

The pleading standard is more demanding when a party alleges fraud or mistake. In that case, the party must "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *United States v. Corinthian Colleges*, 655 F.3d 984, 996 (9th Cir. 2011). Conclusory allegations of fraud and broad allegations that include no particularized supporting detail are insufficient. *Id.*

Rule 9(b) imposes a heightened requirement so that the fraud defendant can prepare an adequate answer to the allegations. *In re Gilead Sci. Sec. Lit.*, 536 F.3d at 1056. To satisfy Rule 9(b), a relator-plaintiff must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (quotations omitted).

As explained by the Ninth Circuit, this requires the Complaint to provide sufficient details to give Defendant sufficient notice of Plaintiff's theory and to give the Court some assurance that the theory has a basis in fact. *Id.* Additionally, Rule 9 serves "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, shield defendants from the harm that comes from being the subject of fraud charges and prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee v. Calif.,* 236 F.3d 1014, 1019 (9th Cir. 2001). "Notably, Rule 9(b) requires only that the *circumstances of fraud* be stated with particularity;

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 3

other facts may be plead generally, or in accordance with Rule 8." *Corinthian Colleges,* 655 F.3d at 992 (emphasis in original).

### Plaintiffs' Complaint

The Complaint alleges Defendant MultiCare Health System and Multicare Rockwood Clinic Neurosurgery and Spine Center ("MultiCare") knowingly submitted materially false claims to federal health care programs by billing for the costs of surgical procedures performed by Dr. Jason A. Dreyer, D.O. ("Dr. Dreyer"), a neurosurgeon who, as MultiCare knew, falsified diagnoses, performed medically unnecessary procedures and over-operations, billed for services that were not medically indicated and that he did not actually perform, and performed surgical procedures below the applicable standard of care.

The Complaint asserts that MultiCare hired, credentialed, employed, and supervised Dr. Dreyer while ignoring and failing to take appropriate action on numerous red flags, warnings, and specific evidence of Dr. Dreyer's fraud and endangerment of the public in order to generate revenue for itself and for its officers and executives, by allowing and incentivizing Dr. Dreyer to perform a high volume of complex spinal surgeries operating on hundreds of unsuspecting patients and putting financial considerations in front of the safety and health of those patients in the Eastern District of Washington and elsewhere.

The Complaint alleges that MultiCare knowingly incentivized Dr. Dreyer, through its system of un-capped wRVUs,[1] to conduct a high volume of complex

---

[1] wRVUs, or Work Relative Value Units are a standard unit of measurement used to establish value for health care procedures. wRVUs for particular services and procedures were calculated based on a value assigned under the Medicare Physician Fee Schedule. The more complex a procedure, and the more revenue it generated for MultiCare, the greater the number of wRVUs received by the neurosurgeon. Under MultiCare's production model, neurosurgeons were paid a set

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 4

spinal surgeries, paying Dr. Dreyer millions in order to allow MultiCare to bill for millions more, including from federal health care programs.

The Complaint maintains that MultiCare's knowing conduct resulted in the submittal of dozens, if not hundreds, of materially false and fraudulent claims for the professional services of Dr. Dreyer and related health care costs to Medicare and other federal health care programs, and the use of accompanying false records and statements that MultiCare knowingly made and used, material to those false and fraudulent claims. Through these false and fraudulent claims, MultiCare received millions of dollars in revenue, while unknowing patients were endangered and harmed.

The Complaint provides four patient examples of MultiCare's materially false and fraudulent claims to federal healthcare programs for Dr. Dreyer's professional services and related medical costs.

The Complaint presents claims under the federal False Claim Act, 31 U.S.C. § 3729(a)(1)(A) & (B); the Washington False Claim Act, Wash. Rev. Code § 74.66.020(1)(a)-(b); as well as claims for Payment by Mistake, Unjust Enrichment, Conversion, and Negligence.

### Defendant's Arguments

Defendant asserts the Complaint fails to plead the False Claim Act claims with the particularity required by Rule 9(b) because it fails to plead the details of amount for each wRVU generated for a procedure or service they personally performed. Under MultiCare's production model, neurosurgeons, were paid compensation for each wRVU that they generated, with no cap on the wRVU-based compensation that could be earned. In this manner, the greater the number procedures of higher complexity that the neurosurgeon performed, the greater the compensation the neurosurgeon received, and the neurosurgeon would always have a financial incentive for performing additional surgeries of higher complexity.

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 5

the alleged fraud scheme with sufficient detail, fails to plead representative samples of alleged false claims with sufficient detail, and fails to plead facts sufficient to meet the False Claim Act's rigorous scienter standard. Defendant also argues the state law claims should be dismissed because the allegations lack plausibility and fail to plead the claims for payment by mistake and conversion with sufficient particularity required by Rule 9(b).

## Analysis

Here, the Court finds the Complaint plausibly states the False Claim Act claims and the common law claims based in fraud with the necessary particularity. The Complaint pleads the underlying fraudulent scheme with particularity and sufficient details to satisfy Rule 9(b)'s heightened pleading standard. On the other hand, the Complaint fails to plead a sufficient legal basis to establish the existence of an independent legal duty to submit accurate claims under the federal Medicare Program and Washington State Medicaid program.

### A.    False Claim Acts

The False Claims Act is not "an all-purpose antifraud statute, or a vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs. v. United States*, 579 U.S. 176, 192-92 (2016) (quotation omitted). The essential elements of False Claim Act liability are: (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, (4) causing the government to pay out money or forfeit moneys due. *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1170 (9th Cir. 2006).

Because medical necessity is a condition of payment, every Medicare claim includes an express or implied certification that treatment was medically necessary. *Winter ex rel. United States v. Garden Reg. Hosp and Med. Center, Inc.*, 953 F.3d 1108, 1114 (9th Cir. 2020). Claims for unnecessary treatment are false claims. *Id*. Defendants act with the required scienter if they know the treatment was not medically necessary, or act in deliberate ignorance or reckless disregard of whether

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 6

the treatment was medically necessary. *Id*.

Courts are to interpret the FCA broadly, to keep with Congress's intention "to reach all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). That said, courts must strictly enforce the Act's materiality and scienter requirements. *Universal Health Services, Inc.*, 579 U.S. at 192.

Here, the Complaint alleges with sufficiency the materiality and scienter requirements. Plaintiffs allege that at the minimum Defendants acted with reckless disregard for the truth or falsity of the claims submitted for payment to federal health care programs and Medicaid. It also asserts that payments would not have been paid to Defendants had it been known they were false or fraudulent.

B.    **Representative Samples**

The Complaint alleges the particular details of a scheme to submit false claims with sufficient details to give Defendants notice of the particular misconduct that is alleged to constitute the fraud charge. It also includes four representative examples. The four example patients are presented to describe a fraudulent scheme, and each include the specifics about each procedure, why it was unnecessary, when the procedure occurred, the dollar amount of services billed for and paid, and the fact payment was for unnecessary medical treatment.

While the four example patients are not necessary to satisfy Rule 9(b), these examples, along with the other allegations, make clear the Complaint satisfies the 9(b) requirements of the who, what, when, where, and how of the alleged fraudulent scheme. The Court notes that at this stage of the proceeding, Plaintiffs do not have to prove anything. Instead, the question is whether the Complaint adequately alleges the elements of a False Claim Act claim. Here, the Complaint contains sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the alleged fraudulent scheme. *See Cafasso, U.S. ex Rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 7

### C. State Law Claims

The Complaint plausibly alleges with the required particularly that Defendant engaged in a fraudulent scheme to support claims for payment by mistake, conversion, and unjust enrichment.

#### 1. Payment by Mistake

Payment by mistake is an alternative theory of recovery. The common law remedy of payment by mistake is available to the United States independent of its statutory remedies. *United States v. Systron-Donner Corp.*, 486 F.2d 249, 251 (9th Cir. 1973). "The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid." *United States v. Wurts*, 303 U.S. 414, 415 (1938). "If the government made these payments under an erroneous belief which was material to the decision to pay, it is entitled to recover the payments." *United States v. Mead*, 426 F.2d 118, 124 (9th Cir. 1970).

Knowledge of the falsity is not a requisite for recover under the mistake doctrine. *Id.* at 125 n.6. Thus, even when the United States cannot establish that a defendant acted knowingly for purposes of the False Claim Act, it may be entitled to recovery under the alternative theory of payment by mistake of fact. *Id.*

The Complaint contains sufficient allegations to plausibly allege a claim for payment by mistake with particularity. The allegations are pled with sufficient particularity to place Defendant on notice that Plaintiffs are alleging that payments were made by them to Defendant under the belief that the payments were properly owned, but the belief was erroneously formed, and the mistaken belief was material to the decision to pay.

#### 2. Conversion

Under Washington law, conversion is "the unjustified, willful interference with a chattel that deprives a person entitled to the property of possession." *Potter v. Wash. St. Patrol*, 165 Wash.2d 67, 78 (2008). Conversion is a tort. *Washington State Bank v. Medalia Healthcare LLC*, 96 Wash.App. 547, 554 (1999). In the

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 8

ordinary sense, conversion means to take and keep another's property. *Repin v. State*, 198 Wash.App. 243, 270 (2017).

The Complaint alleges with particularity and plausibility that Defendant willfully converted federal and state funds by submitting fraudulent and false claims to the certain federal health care programs and Medicaid.

### 3. Unjust Enrichment

Unjust enrichment allows "recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wash.2d 477, 484 (2008). To state a claim for unjust enrichment Plaintiffs must allege: (1) a benefit conferred upon the defendant by the plaintiff; (2) knowledge by the defendant of the benefit; and (3) the defendant retains the benefit under circumstances that make it inequitable for the defendant to retain the benefit without paying for it. *Id.*

The Complaint alleges with particularity and plausibility the elements of a claim for unjust enrichment. Specifically, the Complaint alleges that Defendant was unjustly enriched when it received payments for materially false and fraudulent claims for compensation for services by Dr. Dreyer.

### 4. Negligence

The Complaint asserts that Defendant's fraudulent and false billing practices were negligent. To state a claim for negligence, Plaintiffs must plead (1) the existence of a duty; (2) breach of that duty; (3) resulting injury; and (4) proximate cause. *Brugh v. Fun-Tastic Rides Co.*, 8 Wash. App.2d 176, 180 (2019).

A duty of care is "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Nunley v. Chelan-Douglas Health Dist.*, 32 Wash.App.2d 700, 709 (2024). The determination of whether a duty exists is a question of law. *Id.* In determining whether a duty exists, courts consider principles reflected in existing law as well as logic, common sense, justice, policy, and precedent. *Id.* (quotation omitted).

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 9

The Complaint alleges that pursuant to agreement and statute, Defendant owed a duty of care to Plaintiffs as a licensed provider under the Medicare Program and Washington State Medicaid program, in that Defendant promised to submit accurate, complete and truthful claims in submitting claims for payment, as well as agreeing that all claims would be reasonable and medically necessary for its patients. It appears that Plaintiffs believe ¶¶ 29-48 in the Complaint set forth Defendant's duty of care. The Court does not believe these paragraphs provide a sufficient legal basis for finding that Defendant had an independent duty to submit accurate claims to under the federal Medicare Program and Washington State Medicaid program. As such, the Court dismisses this claim without prejudice, but grants Plaintiffs leave to amend their Complaint.

### D. Motion for Summary Judgment

The Court declines to rule on Defendant's Motion for Summary Judgment at this stage of the proceedings and before discovery has been completed. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.,* 323 F.3d 767, 773–74 (9th Cir. 2003) ("Where ... a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should" allow discovery to proceed.).

### E. Defendant's Motion to Strike

Defendant asks the Court to strike portions of Plaintiffs' Statement of Disputed and Additional Facts and deem its facts undisputed for purpose of summary judgment. Defendant objects to Plaintiffs providing context when agreeing with or disputing its Statement of Facts. The Court declines to do so. Defendant is asking for an extreme sanction that is not warranted in this case. In any event, because the Court declines to rule on its Motion for Summary Judgment Defendant's Motion to Strike is moot.

//

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 10

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6), or Alternatively, For Summary Judgment Pursuant to FRCP56, ECF No. 63, is **DENIED, in part**.

2. Plaintiffs' negligence claim is **DISMISSED, without prejudice**. Plaintiffs are granted leave to amend their Complaint. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order.

3. Defendant's Motion to Strike Plaintiffs' Statement of Disputed and Additional Facts and to Deem Defendant's Facts Undisputed, ECF No. 86, is **DENIED**, as moot.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 26th day of March 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS, IN PART; DENYING MOTION TO STRIKE** ~ 11